IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **MOUHAMDI TAJ DINE,** ] | |
| ] | |
| Petitioner, ] | |
| ] | |
| v. ] | Case No.: 1:26-cv-138-ACA-NAD |
| ] | |
| **MITCHELL HILL, et al.,** ] | |
| ] | |
| Respondents. ] | |

## ORDER

On January 29, 2026, Petitioner Mouhamdi Taj Dine filed a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (doc. 1), and a "motion for immediate release pending resolution of petition for writ of habeas corpus" (doc. 2). The court has entered an order to show cause relating to the § 2241 petition. (Doc. 4). The court **DENIES** the motion for immediate release **WITHOUT PREJUDUCE** because it does not comply with the requirements of Federal Rule of Civil Procedure 65.

Petitions for writ of habeas corpus brought under § 2241 must comply with the Rules of Civil Procedure to the extent they are not displaced by a statute or by the Rules Governing Section 2254 Cases in the District Courts. *See* Rules Governing 2254 Cases, R. 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."); Rules Governing 2254 Cases, R.

12 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). Federal Rule of Civil Procedure 65 governs motions for preliminary injunctive relief and motions for temporary restraining orders. *See* Fed. R. Civ. P. 65. And nothing in chapter 153 of title 28 of the U.S. Code displaces that rule. Accordingly, a request for emergency injunctive relief filed in a § 2241 proceeding must comply with Rule 65.

Mr. Dine's motion, though not titled a request for a preliminary injunction or a temporary restraining order, asks for that type of emergency relief. (*See* doc. 2). He asks for either immediate release from detention or an order requiring Respondents to produce him for a bond hearing before an immigration judge. (Doc. 2 at 4). Accordingly, the court construes his motion as either a motion for a preliminary injunction, which must comply with Rule 65(a), or a motion for a temporary restraining order, which must comply with Rule 65(b).

But Mr. Dine's motion complies with neither part of the rule. To the extent the motion seeks a preliminary injunction, Respondents have not received notice of the motion because the certificate of service attests only that Mr. Dine emailed several of the Respondents and several of those email addresses are invalid. (Doc. 4 at 5). To the extent the motion seeks a temporary restraining order, Mr. Dine's § 2241 petition is verified only under 28 U.S.C. § 2242 and neither the petition nor

2

the motion contains a certification from counsel about "any efforts made to give notice and the reasons why it should not be required." *See* Fed. R. Civ. P. 65(a)(1), (b)(1)(A)–(B). Accordingly, the court **DENIES** the motion for immediate release **WITHOUT PREJUDICE** to refiling in compliance with the requirements of Rule 65.

**DONE** and **ORDERED** this January 30, 2026.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE